# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5497 | **DATE** | 10/26/2001 |
| **CASE TITLE** | Apollo Galileo USA vs. Herff Travel, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Herff's Rule 12(b)(1) motion is wholly without merit and is denied. (7-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 2 9 2001 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| | Docketing to mail notices. | | *m* | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 10/26/2001 | |
| SN | courtroom deputy's initials | OCT 29 AM 9:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APOLLO GALILEO USA PARTNERSHIP, )
)
    Plaintiff/Counterdefendant, )
)
v. ) No. 00 C 5497
)
HERFF TRAVEL, INC., )
)
    Defendant/Counterplaintiff. )

**DOCKETED**

**OCT 2 9 2001**

MEMORANDUM OPINION AND ORDER

More than a year after it was sued by Apollo Galileo USA Partnership ("Apollo") in this breach of contract action, Herff Travel, Inc. ("Herff") has filed a Fed. R. Civ. P. ("Rule") 12(b)(1) motion to dismiss this motion because one essential component of federal diversity jurisdiction--the requisite over-$75,000 amount in controversy--is assertedly missing. Although it is of course never too late to raise an asserted lack of subject matter jurisdiction (see, e.g., Ross v. Inter-Ocean Ins. Co., 693 F.2d 659 (7th Cir. 1982), in which the absence of the jurisdictional amount in controversy was raised by the Court of Appeals itself in an appeal from a final judgment, so that the litigants had to repair to the state courts to begin all over again), in this instance Herff's contention is not only belated but also totally empty.

In its attempted spin of the jurisdictional (or nonjurisdictional) wheel, Herff places its bet on the number of $47,250 that is contained in paragraph 1 (captioned Termination)

of an attachment labeled "Existing Apollo Obligation Attachment ('Obligation')" that forms part of the Subscriber Services Agreement ("Agreement") on which Apollo sues. As Herff would have it, that paragraph's provision for the reimbursement of Apollo in that amount plus interest in the event of certain types of termination constitutes a liquidated damages provision foreclosing any added recovery by Apollo. But Herff plainly loses that bet, and for more than one reason.

For one thing, it has long been established (and is universally recognized) that any such dismissal for lack of subject matter jurisdiction is improper unless "it appears to a legal certainty" that a plaintiff's claim is really for less than the jurisdictional amount: This Court has frequently referred to St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) as the seminal case standing for that proposition, but that is not precisely true--see, for example, the colorful announcement of the identical proposition well over a century ago in Barry v. Edmunds, 116 U.S. 550, 559 (1886). It is really more accurate to speak of St. Paul Mercury Indem. instead as "the leading jurisdictional amount case" (14 B Charles Wright, Arthur Miller and Edward Cooper, Federal Practice & Procedure: Jurisdiction 3d §3702, at 27 (3rd ed. 1998)).

But in all events that principle alone dooms Herff's contention. That is, even if Herff were ultimately to prevail in

urging such a strained reading of the parties' respective rights and obligations under the Agreement on which Apollo has brought suit, it must be recognized that Apollo has more than an objective good faith basis for urging the contrary position that it has advanced in its Complaint. And because that recognition of itself negates any notion that the legal-certainty test has been satisfied, Herff's dismissal motion must fail.

There is however another--and doubly damning--problem with the Herff motion. Apollo's just-filed Response to Defendant's Motion To Dismiss amply demonstrates that the provision for a $47,250 <u>reimbursement</u> of what is characterized in the paragraph on which Herff seeks to rely as "an existing obligation" does not at all mark the outer boundaries of any <u>damages</u> that Apollo may prove under other portions of the Agreement (see, for example, the provision of Agreement ¶21.A that obligates Herff to pay to Apollo "all damages resulting from the termination"--a provision that would appear to make little sense if the other paragraph pointed to by Herff were to be read as a liquidated damages provision that bars any other potential for recovery).

In sum, Herff's Rule 12(b)(1) is wholly without merit for more than one reason. It is denied.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: October 26, 2001

3